IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANIEL BRYCE HURLBUT                                                                         PLAINTIFF

v.                                                    Civil No.6:18-CV-06087

OFFICER MERRITT and ISOLATION                                                       DEFENDANTS
OFFICER JACOB MONTGOMERY

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court are Plaintiff's Motion for Preliminary Injunction (ECF No. 9), Motion for Sanctions and Injunction, (ECF No. 15), Motion to Reconsider (ECF No. 17), Motion to Appeal IFP (ECF No. 26), and Motion to Correct Clerical Error. (ECF No. 24).

**A. Motion for Preliminary Injunction**

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Grimes Unit. He alleges he received an improper inmate classification while incarcerated in the ADC Ouachita River Unit. (ECF No. 9). Specifically, he alleges his "height, weight, medical/mental health, length of sentence, race, violence, etc." were not considered. (*Id*. at 1). As a result, he has been forced out of protective custody and into general population, which placed his life in danger. (*Id*. at 2.). Plaintiff believes he should remain in permanent protective custody. (*Id*. at 3). He alleges that when he refused to enter general population on the advice of his lawyer,[1] he was charged with a

---
[1] Plaintiff proceeds in this matter *pro se*.

1

disciplinary action, prevented from achieving Class III Status, and then immediately transferred from the Ouachita River Unit to the Cummins Unit. (*Id*. at 2). Plaintiff seeks an Order keeping him in permanent protective custody, thereby preventing "retaliatory" discipline charges against him when he refuses to return to general population. (*Id*. at 2, 3, 5).

Plaintiff's transfer from ADC Ouachita River Unit to the ADC Cummins Unit rendered his request for injunctive relief moot. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (holding an inmate's First Amendment claims regarding denial of items to perform religious practices moot once he was transferred from one state penitentiary facility to another state penitentiary facility). *See also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) (holding an inmate's claims regarding prison conditions were moot once the inmate was transferred). Therefore, Plaintiff's Complaint should be dismissed as moot. *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (A federal court has no authority to issue opinions on moot questions of law). Further, Plaintiff's failure to protect and conditions of confinement claims, including those based on his alleged improper classification, were dismissed during PLRA preservice screening for this case. (ECF No. 11).

Plaintiff's Motion for Preliminary Injunction (ECF No. 9) should be **DENIED**.

### B.  Motion for Sanctions and Injunction

With this Motion, Plaintiff alleges that the ADC is transferring him from the ADC Cummins Unit in order to moot his conditions of confinement claims. He asks the Court to issue an order preventing any further transfers or disciplinary actions against him. He further threatens "a never-ending succession of lawsuits." (ECF No. 15). As stated above, Plaintiff's conditions of confinement claims in this case were dismissed at PLRA preservice screening. Further, the administration of prisons is not within the province of the courts except in the very rare case where there is undisputed evidence demonstrating that an inmate is subject to an "unusually high risk of physical danger." *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir.1983). There is no such undisputed evidence here.

Plaintiff's surviving personal capacity claims against two Ouachita River Unit Defendants for retaliation and excessive force have been served, and any Summary Judgment Motions for this case are due on August 12, 2019. (ECF No. 21).

Plaintiff's Motion for Sanctions and Injunction (ECF No.15) should be **DENIED**.

### C. Motion to Reconsider

Before the Court is Defendant's Motion (ECF No. 17) for Reconsideration of the Court's Preservice Screening Order. (ECF No. 11). No response has been filed, but none is necessary.

Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Rule 59(e) motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Rule 60(b) motions require the moving party to demonstrate "exceptional circumstances warranting post-judgment relief." *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

Plaintiff's Motion for Reconsideration (ECF No. 17) provides no basis for relief under either of these Rules and should be **DENIED**.

### D. Motion to Appeal IFP

Plaintiff also seeks to proceed IFP with an interlocutory appeal of the Preservice Screening Order to the Eighth Circuit. (ECF No. 26). As required by the PLRA, the Court screened Plaintiff's Complaint and dismissed some of his claims. (ECF No. 11). Plaintiff's personal capacity claims against Defendants Merritt and Montgomery remain for further consideration. (*Id*.). These Defendants were served and their Answer filed. (ECF No. 19). Defendants' Summary Judgment motion for this case is due August 12, 2019. (ECF No. 21).

The jurisdiction of an appellate court such as the Eighth Circuit is, "with few exceptions ... limited to 'final decisions' of the district court." *Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000); *see also* 28 U.S.C.A. § 1291. "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the [district] court to do but execute the judgment." *Cunningham v. Hamilton County,* 527 U.S. 198, 204, (1999).

Here, Plaintiff is attempting an interlocutory appeal of a Preservice Screening Order dismissing some of his claims as required by the PLRA. As this is not an immediately appealable final order, the Eighth Circuit does not have jurisdiction to review the Preservice Screening Order. Plaintiff's appeal is therefore premature and not taken in good faith. Accordingly, Plaintiff's Motion to Appeal IFP (ECF No. 26) should be **DENIED**.

### E. Motion to Correct Clerical Order

Plaintiff asks the Court to correct the title of Document 17 from Motion to Reconsider to Motion to Reconsider and Notice of Appeal. (ECF No. 24). Plaintiff asks this be done in order to preserve his right to appeal the Preservice Screening Order. (*Id*.) As Plaintiff does not have the right to appeal the Preservice Screening Order at this time, his Motion (ECF No. 24) should be **DENIED.**

Accordingly, I recommend that Plaintiff's Motion for Preliminary Injunction (ECF No. 9), Motion for Sanctions and Injunction, (ECF No. 15), Motion to Reconsider (ECF No. 17), Motion to Appeal IFP (ECF No. 26), and Motion to Correct Clerical Error. (ECF No. 24) be **DENIED.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **22nd day of May 2019**.

4

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE